**John J. SENTYZ, Jr., Appellant,**

v.

**\*Jo Anne B. BARNHART, Commissioner \*(Pursuant to Rule 43(c), F.R.A.P.).**

No. 03–1504.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) on Nov. 3, 2003.

Decided Nov. 13, 2003.

---

4. As we have just noted, Singh has not even established "persecution" or a reasonable

fear of it.

David M. Linker, Freedman & Lorry, Philadelphia, PA, for Appellant.

Stephen T. Giacchino, Philadelphia, PA, for Appellee.

Before McKEE, SMITH and WEIS, Circuit Judges.

OPINION OF THE COURT

SMITH, Circuit Judge.

John J. Sentyz, Jr. appeals from an order of the District Court affirming the denial of his application for disability benefits under Title II of the Social Security Act. *See* 42 U.S.C. § 423. The District Court exercised jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291. Our review of the Commissioner's decision denying Sentyz's claim for benefits "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks and citation omitted).

In determining whether a claimant is disabled, the Commissioner must follow the familiar five step sequential analysis set forth in the regulations promulgated by the Social Security Administration. *See* 20 C.F.R. § 404.1520. Here, the Administrative Law Judge ("ALJ") concluded that: Sentyz was not engaging in substantial gainful activity; he did have a severe impairment, *i.e.,* degenerative disc disease of the lumbar spine; his severe impairment did not satisfy the criteria of any of the listed impairments in Appendix 1; Sentyz was unable to perform his past relevant work; but Sentyz's residual functional capacity did not preclude him from performing other work in the national economy. Thus, the ALJ determined that Sentyz was not disabled.

Sentyz appealed to the District Court, arguing that the ALJ erred at step three by concluding that the medical evidence of

record did not meet the criteria of listing 1.05C,[1] thereby resulting in an automatic finding of disability. *See* 20 C.F.R. § 404.1520(d). According to Sentyz, this aspect of the ALJ's decision was not supported by substantial evidence because the ALJ failed to specifically identify the listings considered and to explain his conclusion that the medical evidence failed to satisfy that listing as required by *Burnett v. Commissioner,* 220 F.3d 112 (3d Cir. 2000). After consideration of a report and recommendation by a magistrate judge, the District Court acknowledged that "while the ALJ did not expressly lay out his reasoning for the determination under step three of the analysis that such error did not warrant remand of the matter back to the Commissioner in accordance with *Burnett*[.]"

In *Burnett,* we were troubled by the ALJ's analysis at step three which summarily concluded that the plaintiff suffered from a severe musculoskeletal impairment, but that "said impairment failed to equal the level of severity of any disabling condition contained in Appendix 1, Subpart P of Social Security Regulations No. 4." 220 F.3d at 119. We reiterated that an ALJ must set forth his reasons for his decision to afford meaningful judicial review and remanded the case so the ALJ could discuss the evidence and explain whether and why Burnett's back and knee impairments, either alone or combined, were equivalent to the listed impairments in § 1.03 and § 1.05C. *Id.* at 119–20. We recognized, however, that the "burden is on the claimant to present medical findings that show

his or her impairment matches a listing or is equal in severity to a listed impairment." 220 F.3d at 120 n. 2.

Unlike *Burnett,* here there was only one listing applicable to Sentyz's singular severe impairment of degenerative disc disease of the lumbar spine, *i.e.,* listing 1.05C. Sentyz's counsel argued during closing statements that this listing applied and that there was sufficient medical evidence to establish the spasms, limitation of movement and "neurological deficit[s]." The focus of the proceeding before the ALJ was consistently on this particular listing and whether the limitations resulting from Sentyz's degenerative disc disease of the lumbar spine satisfied either the criteria of that listing or precluded Sentyz from performing other work in the national economy.

Consistent with this focus, the ALJ had to determine whether there was medical evidence of a "significant motor loss with muscle weakness *and* sensory *and* reflex loss" as specified by listing 1.05C.2. Sentyz failed to identify evidence of this nature. Instead, he cited to medical evidence after he sustained his injury which established that the "power [was] intact in both lower extremities" from October 1998 to May 1999. This does not establish a motor loss. In addition, Sentyz generally referred to "neurologic deficits." His reliance on the neurologic deficits, however, ignored not only Dr. Wolk's report that his motor strength was equal, his reflexes were symmetrical and his sensation was intact, but also medical evidence from his treating

---

1. Listing 1.05C, which has since been recodified at 1.04, provides:

> C. Other vertebrogenic disorders (e.g. herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

1. Pain, muscles spasm, and significant limitation of motion in the spine; and
2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

physician Dr. Kirschman in January 2000 that the strength in his lower extremities remained strong and equal and his reflexes were symmetrical. Thereafter, in March 2001, Dr. Page documented that Sentyz's reflexes in his lower extremities was normal, as was their appearance. In June 2001, Dr. Kirshman opined that Sentyz's reflexes were equal bilaterally.

Accordingly, despite the inadequate explanation by the ALJ, meaningful judicial review of the ALJ's analysis at step three is possible because of the nature of Sentyz's back impairment, the singular listing at issue and the type of medical evidence necessary to establish this presumptively disabling condition. After consideration of the entire record, we conclude that there is substantial evidence to support the ALJ's decision that Sentyz's impairment, though severe, did not satisfy the criteria of listing 1.05C. We will affirm the judgment of the District Court.